[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11936
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00703-JES-CM


CARRIE LUFT,

                                                    Plaintiff-Appellant,

versus

CITIGROUP GLOBAL MARKETS REALTY CORPORATION,
CITI PROPERTY HOLDINGS, INC.,
f.k.a. Liquidation Properties,
ACCREDITED HOME LENDERS, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
LONE STAR FUNDS, INC., et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 7, 2015)

Before MARCUS, PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Carrie Luft, proceeding pro se, appeals the district court's dismissal with prejudice of her second amended complaint, in which Luft challenged the foreclosure on her home.  No reversible error has been shown; we affirm.

Luft filed a two-count complaint against Defendants Citigroup Global Markets Realty Corporation and Citi Property Holdings, Inc. ("Citi Defendants"). After Citi Defendants moved to dismiss, Luft filed a motion for leave to amend her complaint, also requesting that the court relax the federal pleading standards.  The district court granted Luft leave to amend her complaint but explained that Luft was required to comply with Fed.R.Civ.P. 8 and with the pleading standards set out in Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007), and in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

Luft then filed a four-count first amended complaint against five named defendants, including both Citi Defendants.  The district court dismissed the complaint without prejudice for failure to state a claim and for lack of subject matter jurisdiction.

2

The district court granted Luft leave to file a second amended complaint.  In doing so, the district court described Luft's complaint as a "shotgun pleading" and instructed Luft to "replead each of her claims and to specify which factual allegations are relevant to each count," in accordance with the federal pleading standards.  In a later order (ruling on Luft's motion for clarification and for an extension of time) the district court explained again the pleading requirements of Rule 8.

Luft filed a 117-page second amended complaint, on behalf of herself and others similarly situated.  This second amended complaint purports to allege 7 claims against 13 named defendants, including both Citi Defendants.

Citi Defendants filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction.  Because Citi Defendants relied in part on documents outside the pleadings, Luft moved -- and Citi Defendants agreed -- to have the court convert the motion to dismiss into a motion for summary judgment.  As a result, the district court denied Citi Defendants' motion to dismiss; and Citi Defendants filed a motion for summary judgment.  Luft responded, opposing the motion.

By a thorough written opinion, the district court then dismissed with prejudice Luft's second amended complaint, concluding that -- despite the court's repeated and detailed instructions about how to cure the deficiencies in her

complaint -- Luft still failed to satisfy the pleading requirements of Rules 8 and 10. The district court described Luft's second amended complaint as "a quintessential 'shotgun' pleading replete with factual allegations and rambling legal conclusions." In the alternative, the district court also concluded that each of Luft's seven claims should be dismissed either for lack of subject-matter jurisdiction or for failure to state a claim upon which relief could be granted. The district court then denied as moot Citi Defendants' motion for summary judgment.

We review de novo a district court's order dismissing a complaint with prejudice, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). Although we construe liberally pro se pleadings, pro se litigants must still conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Construed liberally, Luft raises four arguments on appeal: (1) that the district court erred in concluding that Luft failed to satisfy the federal pleading requirements; (2) that the district court erred in dismissing Count 4 for failure to identify a governmental actor; (3) that the district court erred in dismissing Luft's complaint before ruling on Citi Defendants' motion for summary judgment; and (4) that the district court erred in refusing to admit into evidence Exhibit M1.

As an initial matter, because Luft failed to challenge the district court's independent, alternative reasons -- no jurisdiction or failure to state a claim -- for dismissing Counts 1, 2, 3, 5, 6 and 7, she has abandoned those arguments. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Thus, we focus on the district court's dismissal with prejudice of Count 4, in which Luft purports to assert a civil rights violation under 42 U.S.C. § 1983.

To comply with the federal pleading standards, Luft is required to, among other things, provide "a short and plain statement" of her claims showing that she is entitled to relief. See Fed.R.Civ.P. 8(a)(2). She is also required to present each of her claims in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." See Fed.R.Civ.P. 10(b).

A complaint that fails to comply with Rules 8 and 10 may be classified as a "shotgun pleading." See Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir. 2001). When faced with a shotgun pleading, a district court must order a litigant to replead for a more definite statement of the claim. Id. at 1133. When the amended complaint still fails to cure the deficiency, the complaint may be subject to dismissal. See id.

Here, the district court determined expressly that Luft's first amended complaint was a "shotgun pleading" and twice granted Luft leave to amend her complaint to satisfy the federal pleading requirements. Despite the court's detailed

5

and repeated instructions, Luft's second amended complaint still failed to provide a "short and plain statement" of her claims. Instead of clarifying and providing factual support for her existing claims, Luft amended her complaint by adding several new defendants, several new causes of action, and by seeking class certification. In the light of Luft's continued failure to comply with Rules 8 and 10 and of Luft's failure to comply with the court's repeated orders to cure the deficiencies in her complaint, the district court committed no error in dismissing with prejudice Luft's second amended complaint.

To be more specific about the district court's alternative ground for dismissing Count 4, we agree with the district court's determination that Luft failed to allege sufficiently that Citi Defendants were governmental actors or that a conspiracy existed. Luft's argument that Citi Defendants acted under color of law by using the state judicial system to effectuate the foreclosure proceedings is without merit. Moreover, because Luft's Count 4 consists only of conclusory allegations with no pertinent factual support, she has failed to state a claim upon which relief can be granted.

We reject Luft's contention that the district court erred in dismissing her complaint without first ruling on Citi Defendants' pending motion for summary judgment. Luft's complaint was insufficient on its face; so the district court was under no obligation to consider the merits of Luft's claims by ruling on Citi

Defendants' summary judgment motion.  See Johnson Enters. of Jacksonville v. Fpl Grp., 162 G.3d 1290, 1333 (11th Cir. 1998) ("district courts have the power and the duty to define the issues at the earliest stages of litigation"); Byrne, 261 F.3d at 1129-34 (discussing the importance of a district court's early sua sponte intervention to ensure compliance with the federal pleading requirements).

In dismissing with prejudice Luft's complaint, the district court ordered terminated all pending motions, including implicitly Luft's outstanding motion to admit Exhibit M1 into evidence.  Because the district court's dismissal with prejudice of Luft's complaint rendered Luft's discovery motion moot, the district court committed no error in terminating the motion.

AFFIRMED.